Harvey *v*. Brouilette.

## JAMES G. HARVEY *v.* ALEXANDER BROUILETTE.

*Trial Court may limit cross-examination.   Right of plaintiff*
*to begin and close.*

1.  When a party becomes a witness in his own behalf he subjects himself to cross-examination at the hands of the adverse party ; but the trial court may, in its discretion, limit the length of such examination, at least as to collateral and immaterial matters, and such discretion will not be revised by the Supreme Court.

2.  Where the general issue is pleaded, or is under the rule treated as pleaded, so that the plaintiff must, in the first instance, make out his case, it is the right of the plaintiff to begin and close the argument.

3.  Since the plaintiff did not claim the immunities of a *bona fide* holder, what he paid for the note in suit was immaterial, and could not be shown.

This was an action in general assumpsit to recover the amount of a promissory note for $250, signed by the defendant, and payable to Ella Faneuf, or bearer, on demand.   Plea, the general issue, and trial by jury at the December Term, 1888, Powers, J., presiding.   Exceptions by the defendant.

It appeared that the defendant was the brother of one Prosper Brouilette, who, previously to the date of the note in suit, had been arrested under bastardy proceedings begun at the instance of the said Ella Faneuf, who then claimed to be pregnant by the said Prosper.   These proceedings were finally discontinued by the payment of $250 in cash and the giving of this note.   The defendant claimed that the note was to be enforced only upon the contingency that the said Ella should be actually confined ; that in fact she never was confined, but miscarried, whereupon she had written to the plaintiff, who had previously become the owner of the note, notifying him of this fact, and directing him to surrender it to the defendant.

*Davis & Enright*, for the defendant.

The testimony of plaintiff as to what was said about "giving bail or going to jail" was material, and it was error for the court not to allow defendant to cross-examine as to these elements of the case.   *Sterling* v. *Sterling*, 41 Vt. 91.

Harvey v. Brouilette.

Having once charged the jury on this evidence, the court could not prejudice defendant's rights to a new trial by a re-charge which was contradictory to its first charge. *Alexander* v. *Blodgett*, 44 Vt. 476; Powers, J., in *Bovee* v. *Danville*, 53 Vt. 190.

Defendant had the affirmative of every issue that went to the jury, and should have been allowed to open and close the argument. *Edwell* v. *Chamberlin*, 31 N. Y. 611; *Huntington* v. *Conkey*, 33 Barb. 318; *Ayrault* v. *Chamberlin*, 33 Barb. 229; *Warner* v. *Haines*, 6 C. &. P. 666; *Hoxie* v. *Green*, 37 How. Pr. 97; *Brennan* v. *Security*, &c. *Ins. Co.*, 4 Daly, 296; *Millerd* v. *Thorn*, 56 N. Y. 402; *Penrhyn Slate Co.* v. *Meyer*, 8 Daly, 61; *Mercer* v. *Whall*, 5 Ad. & El. N. S. 447; *Davis* v. *Mason*, 4 Pick. 158; *Brooks* v. *Barrett*, 7 Pick. 98; *Chicago, Burlington*, &c. *R. R.* v. *Bryan*, 90 Ill. 126; *Harvey* v. *Ellethorpe*, 26 Ill. 418; *Colwell* v. *Brower*, 75 Ill. 516; *Hudson* v. *Wetherington*, 79 N. C. 3; *Harris* v. *Kent*, 11 Ind. 136; *Richardson* v. *Nixon*, 20 Pa. St. 19; *McKenzie* v. *Milligan*, 1 Bay (S. C.) 846; *Brown* v. *Kirkpatrick*, 5 S. C. 267.

The court charged the jury—"You have nothing to do with the amount Mr. Harvey paid on the note." This was error.

It was also error for the court to comment upon these statements of Mr. Harvey about which a cross-examination was refused.

*D. C. Dennison, S. M. Pingree* and *J. G. Harvey*, for the plaintiff.

The limitation put by the court upon the cross-examination of the plaintiff was correct, first, because it did not deprive defendant of any testimony, either material or admissible; second, because such limitation was in the discretion of the court; and, third, because the court charged the jury that this evidence was immaterial.

The ruling of the court as to the opening and close in argument was clearly correct; because nothing in the character of the defense tended to reverse the relations of the parties in this

respect from the usual practice, and, also, being matter of dis-cretion, is not subject to exception. Bou. Dic. tit., " Right to begin," p. 486; 1 Greenl. Ev. s. 74; 2 Gray, 260.

The amount paid by Mr. Harvey for the note was immaterial because the note was open to all the defenses against him which would have been available against the original payee.

The opinion of the court was delivered by

TYLER, J. The defendant insists upon three exceptions to the rulings and charge of the court below.

I. As to the limitation of the defendant in cross-examination of the plaintiff: It appears that the defendant had, without objection of the plaintiff, offered evidence in defense tending to show that the note in suit was given on condition that the girl, Ella Faneuf, should be confined and require the money. The plaintiff in rebuttal testified that when Prosper Brouilette went to his office under arrest, he read the complaint to him and advised him to procure counsel; that Prosper replied he desired no counsel, and inquired what he could do, and that plaintiff informed him that he could do one of three things, settle with the girl, marry her, or go to jail. The exceptions state that in cross-examination of the plaintiff the defendant's counsel inquired at some length about what was said about obtaining counsel and giving bail, and that after spending some time upon this subject, the court said to counsel that all preliminary talk was immate-rial, and the only question in issue was as to the alleged condi-tional character of the note, and limited the cross-examination to the subject of the settlement and its terms, in which ruling the defendant claims there was error.

It is true that when a party becomes a witness in his own behalf he subjects himself to cross-examination by the adverse party. It is also true that the length of cross-examination is within the control of the presiding judge. We think the limita-tion in this case was a matter of proper judicial discretion, and not a deprivation of defendant's legal right. The exceptions state that there was nothing in this preliminary conversation

that had relation to the alleged condition in the note. The defendant's counsel was permitted to cross-examine upon all parts of the conversation, and we hold that the limitation by the court as to the immaterial parts was proper.

II.   It is claimed there was error in the refusal of the court to allow defendant's counsel to make the opening and closing arguments to the jury, and authorities are cited showing that in several of the other States it has been held that the counsel for the party who takes the affirmative of the issue to be tried is entitled to the right here contended for as to the argument.

We do not deem it necessary to discuss the cases referred to, for the reason that, by the long settled practice in this State, when no special plea in bar is filed, the general issue is understood to be pleaded and the burden is upon the plaintiff to prove his declaration.   In this case the declaration is in general assumpsit, and, under our County Court rule, number 12, the defendant demanded a specification, which the plaintiff furnished, namely, a copy of the note.   No special plea having been filed the case went to trial on the general issue, which was a denial of the material averments in the declaration.   The issue was whether or not the defendant promised to pay the plaintiff the sum alleged generally in the declaration and made definite in the specification.   The *onus* was on the plaintiff.   Under the rule the plaintiff was not required to prove the execution of the note, the defendant not having given him notice in writing that he would dispute the signature ; but the plaintiff was, however, obliged to produce his note in evidence in order to make out his case.

Any case that stands on the general issue with a special plea in bar, such as the statute of limitations, infancy, payment, or that the note was obtained by fraud or duress, would present the same question that is now presented in regard to the order of argument.   The burden, though it may be light, is first upon the plaintiff, and then, his *prima facie* case being made, is, under the special plea in bar, shifted upon the defendant.

Harvey v. Brouilette.

We apprehend that it will generally be found that in courts where the rule claimed by the defendant prevails, the general issue is not pleaded. Where the defendant confesses the plaintiff's cause of action, and pleads matter in avoidance of it, there is reason in his opening and closing the discussion, though in *Page* v. *Osgood*, 2. Gray, 260, Dewey, J., held that the plaintiff was entitled to open and close in all cases without regard to the burden of' proof; and that when the defendant admitted the plaintiff's cause of action, and the only issue for the jury was upon the defendant's declaration in set-off, the plaintiff was still entitled to open and close the case, the court having adopted a rule that required the general issue to be filed in all cases.

III. If the plaintiff had claimed that he was a purchaser of the note for value, without notice of defense, it might have been material to have shown what he paid for it. As this case was presented, the sum paid was of no importance. His interest in the suit was that of an owner of the note.

*The judgment of the County Court is affirmed.*