THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT T. PATRICK, Appellant.

1. APPEAL — REARGUMENT OF CAPITAL CASE. While in capital cases appellants will not be held to the rule that points alleged to have been overlooked by the court and made the basis of a motion for reargument must have been raised by counsel on the argument, yet, where no important objection has been overlooked, the motion must be denied; the fact, however, that exceptions raised upon the trial are not specifically alluded to or separately discussed in the prevailing opinion does not indicate that they were not considered before the decision of the appeal.

2. RELATIONSHIP BETWEEN JUDGE AND PUBLIC OFFICER WHO OPPOSED MOTION FOR NEW TRIAL. The relationship of father and son, existing between a judge and one whose sole connection with a capital case is that, as an assistant district attorney, he opposed defendant's motion for a new trial upon the ground of newly-discovered evidence, does not legally disqualify the judge from taking part in the hearing and decision of an appeal; nor does such relationship render it improper for him to sit in the case or justify him in refusing to do so; a motion for a reargument, therefore, based upon such alleged impropriety must be denied, especially as an objection of this character must be taken at the commencement of the argument and not delayed until an unfavorable decision of the appeal.

(Submitted October 2, 1905; decided October 27, 1905.)

MOTION for reargument.    (See 182 N. Y. 131.)

*David B. Hill* and *Edgar J. Kohler* for motion.

*William Travers Jerome, District Attorney (Howard S. Gans* of counsel), opposed.

CULLEN, Ch. J.    Though I am one of the minority who dissented from the affirmance of the judgment of conviction in this case, I am entirely clear that the present motion for reargument should be denied.    The grounds for such an application are stated by Judge PECKHAM in *Fosdick* v. *Town of Hempstead* (126 N. Y. 651): " A motion for reargument must be founded on papers showing that some question decisive of the case and duly submitted by counsel has been overlooked by the court, or that the decision is in conflict with the statute or a controlling decision." · The learned judge further observed : " While it is very possible we err in many cases, yet the rule adopted is a proper one considering that there must be at some point an end of litigation."    While in a capital case we would not hold an appellant to the rule that the point overlooked must have been raised by counsel on the argument, it is just as true of such a case as of a civil case " that there must at some point be an end of litigation." That point was reached in this case when after a hearing accorded counsel far more extended in time than any that has been had before this court for years, after a consideration of the case for some months, and after frequent discussions at the consultation table, the court announced its decision.    The matter should not now be reopened unless some important objection has been overlooked by us.

.We have examined with care the elaborate brief filed by the appellant's counsel and find no objection discussed therein that was not considered by the court before it decided the appeal.    In the opinions that were then written all of the questions raised that were deemed important were considered and discussed, and the opinions clearly expressed the views of the several members of the court thereon.    It is true that in

the prevailing opinion some of the exceptions raised upon the trial of the case were not specifically alluded to or separately discussed, but they all appear in the dissenting opinions, and were, therefore, necessarily passed upon by the court before it announced its determination. There is, therefore, no valid reason for granting this motion.

It is urged, however, as a ground for the application that Judge GRAY, who wrote the prevailing opinion, is the father of a subordinate counsel in the office of the district attorney of New York, Mr. Henry G. Gray, who appeared with Mr. Garvin, another deputy assistant, in opposition to the motion made by the defendant for a new trial on newly-discovered evidence. It is conceded that this relationship constituted no legal disqualification of the judge, but it is contended that the fact rendered it improper for Judge GRAY to sit in the case. It would be a sufficient answer to this claim that of an objection of that character, impropriety as distinguished from legal disqualification, the judge himself is the sole arbiter. (*Matter of Dodge & Stevenson Mfg. Co.*, 77 N. Y. 101.) But the objection is now presented not to Judge GRAY alone but to the whole court, and it is only just to our associate that we should express our views on the subject. Many and great judges have allowed their relatives to practice before them ; others have declined to hear cases in which near relatives appeared as counsel, but we have never heard of a judge refusing to sit in any case because at some earlier period his relative had taken part in the legal proceedings in the cause. This appeal was argued in this court by Judge Landon and Mr. Howard S. Gans for the prosecution. Mr. Gray in no way appeared in the preparation or in the argument of the appeal, and his sole connection with the case was that already stated. We think it would not occur to the most sensitive judicial officer that such a previous appearance in a case by his son, not as counsel for a private litigant, but as a public officer in the performance of official duties, would either bias his action or affect public confidence in the impartiality of that action. While if Judge GRAY had retired from the hearing of the appeal his associates would

have respected his motives, at the same time they would have felt that delicacy had been indulged in to an excessive degree at their expense and that a burden which in the ordinary practice of the court would, in the first instance, have fallen upon him, had been rather unwarrantably imposed upon one of them. It may be further said that if any objection was entertained to Judge GRAY's participation in the hearing of this appeal it should have been made at the commencement of the argument, when if he had sought counsel of his associates we should have advised Judge GRAY that it was his duty to sit. Counsel should not have awaited Judge GRAY's action, and finding that action unfavorable, now take the objection.

The motion for reargument should be denied.

GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; O'BRIEN, J., absent.

Motion denied.