JOHN CASMENTO ET AL. *vs.* THE BARLOW BROTHERS COMPANY.

Third Judicial District, Bridgeport, April Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

General Statutes, § 496, provides that when the relationship of brother (among others) exists between a judge and "any party in any proceeding in court before him," he shall be disqualified to act. *Held:*—

1. That a brother of the judge, who was an attorney for one of the litigants, was not a "party" within the meaning of the statute.

2. That even if he were to be so considered, the trial judge would not have been disqualified in the present case, since his brother, the original attorney, withdrew before trial and thereafter, so far as appeared, had no interest in the suit.

"Party," as used in the statute, ought not to be construed in such a

broad sense as to include every one who may have a pecuniary interest in the result of the action.

Submitted on briefs April 12th—decided June 14th. 1910.

ACTION to recover damages for breach of contract, brought to and tried by the District Court of Waterbury, *Peasley, J.;* judgment for the plaintiffs, from which the defendant appealed because of the alleged disqualification of the trial judge. *No error.*

*Nathaniel R. Bronson* and *Lawrence L. Lewis,* for the appellant (defendant).

*Terrence F. Carmody,* for the appellees (plaintiffs).

RORABACK, J.   This action was brought to the District Court of Waterbury on the first Tuesday of March, 1909, when Henry W. Minor and James A. Peasley entered as attorneys for the plaintiffs.   On November 4th, 1909, Peasley withdrew his appearance, and on the same day Terrence F. Carmody entered as attorney for the plaintiffs.   The trial took place on November 5th, 1909.   James A. Peasley is an attorney at law, and is a brother of *Judge Peasley* who presided at the trial of this case.   James A. Peasley is about nine years younger than *Judge Peasley.*   They are in no way associated in the practice of law, having independent offices on different streets in Waterbury.   During a portion of the first day of the trial James A. Peasley was present in the court-room but took no part in the trial.   He occupied a chair during this time in a portion of the court-room usually occupied by witnesses.   Before beginning the trial, counsel for the defendant objected to proceeding before said *Judge Peasley,* on the ground that he was disqualified by reason of his relationship to James A.   *Judge Peasley* overruled this objection, and proceeded with the trial, the defendant

Casmento *v.* Barlow Bros. Co.

excepting. *Judge Peasley* had no interest in the outcome of this action; and it did not appear that James A. Peasley at the time of the trial had any interest in the result of the litigation.

The only ground of appeal is that the court erred in overruling the claim that *Judge Peasley* was legally disqualified to try the case. Section 496 of the General Statutes provides that "when there shall be so near a relationship between any judge or justice of peace and any party in any proceeding in court before him, as between father and son, brothers, or uncle and nephew, by nature or marriage, or landlord and tenant; or when any judge or justice of the peace may be liable to contribute to the damages, costs, or expenses of any such proceeding, or when he may receive a direct pecuniary benefit by the determination thereof, he shall be disqualified to act, except as hereinafter provided."

Even construing the word "party," used in the statute, so that it would include an attorney or any one having a pecuniary interest in the result of the suit, the defendant has no reasonable ground for complaint. The record discloses that when the case was tried before his brother, Peasley had disappeared from the case, and it does not appear that he had any interest in the action at that time.

The statute upon this subject speaks of "any party in any proceeding in court before him." The word "party" should not be construed in such a broad sense as to include every one who has a pecuniary interest in the result of the suit. *Clyma* v. *Kennedy*, 64 Conn. 310, 318, 29 Atl. 539. An attorney for one of the parties to the record is not a "party" within the meaning of the statute.

There is no error.

In this opinion the other judges concurred.