(168 App. Div. 200)

### PEOPLE v. EICHNER. (No. 7486.)

(Supreme Court, Appellate Division, First Department. June 18, 1915.)

1. ROBBERY ⊕⟶11—ROBBERY IN FIRST DEGREE—STATUTE.
    By direct provision of Penal Law (Consol. Laws, c. 40) § 2124, there can be a conviction of robbery in the first degree through the aid of an accomplice only when such accomplice was actually present.

    [Ed. Note.—For other cases, see Robbery, Cent. Dig. § 11; Dec. ⊕⟶11.]

2. HOMICIDE ⊕⟶100—ASSAULT WITH AN INTENT—GUILT AS "PRINCIPAL."
    Penal Law, § 2, provides that one who counsels, commands, induces, or procures another to commit a crime is a "principal." Defendant was indicted jointly with two others as principals for having made an assault with a deadly and dangerous weapon, likely to produce grievous bodily harm, with intent to kill. The defendant alone was convicted of assault in the second degree; the evidence showing that those jointly indicted with him were not the persons who had actually committed the assault, although the proof was undisputed that there had been an assault by two persons other than the defendant, with whom he was acting in concert. *Held*, that he was properly convicted as a principal who had committed the crime through the physical agency of another.

---

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 130; Dec. Dig. ☞100.

For other definitions, see Words and Phrases, First and Second Series, Principal.]

Appeal from Court of General Sessions, New York County.

Max Eichner was convicted of assault in the second degree, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Abraham Levy, of New York City (Leo J. J. Schwartz, of New York City, on the brief), for appellant.

Charles Albert Perkins, Dist. Atty., Robert S. Johnstone, Asst. Dist. Atty., and John M. Minton, Jr., all of New York City (Louis Fabricant, of New York City, on the brief), for the People.

CLARKE, J. The indictment charged Abe Finkelstein, Gustave Greenberger, and Max Eichner with making an assault on one Max Tiger with a deadly and dangerous weapon likely to produce grievous bodily harm with intent to kill, and that they did, by the means aforesaid, inflict grievous bodily harm and injury upon him. This indictment was for the crime of assault in the first degree, each of the defendants being charged as a principal. The three were tried together. All three defendants interposed the defense of an alibi. The jury acquitted Finkelstein and Greenberger, and convicted Eichner of assault in the second degree.

It appeared upon the trial that the complaining witness, Tiger, was an employing baker who kept an open shop. The defendant Eichner was the secretary of a local branch of the Bakers' Union. He testified that his "duty was to take care of the members; they should have work; they should pay their dues, and there is sometimes an open shop strike, and if they get arrested I shall arrange the matter to bail them out or to pay the fine." He had been well known to the complainant for a number of years and had been employed by him. The complainant testified that about two months before the 28th of May, 1913, the day the assault took place, Eichner had said to him that he should settle with the union; "if not, I will be in the biggest trouble; I ain't sure for my life." On the 28th of May there was a strike on at Tiger's bakery shop. About 9 o'clock p. m., a number of men entered the bakeshop and assaulted one of the complainant's workmen, beating him so badly that he had to be taken to the hospital. These men then ran up out of the cellar. Tiger, who had been attracted to the front door by the screams of his daughter, was standing at the top of the stairs when this body of men came up. Eichner hit him on the chest, knocking him down upon his daughter, and they both fell to the pavement. A bystander helped Tiger to his feet, and they started to pursue the men who had come up from the basement; Tiger running in the middle of the street and shouting for the police. Two men, who were running on the sidewalk, suddenly left it and ran out in the street,

and, while one caught the daughter and held her, the other struck Tiger with a blackjack or bar on the shoulder, dislocating it, felling him to the earth, and very seriously injuring him.

Subsequently Eichner and four other men were arrested. Two of them were discharged in the Magistrate's Court, and the said three defendants were indicted. It turned out that Finkelstein and Greenberger were not bakers, but painters. Tiger had only seen Greenberger once, some years before the assault, and did not know Finkelstein at all. While they were identified to a certain extent, it being claimed upon the trial that Finkelstein was the man who struck the complaining witness with the blackjack or bar, the jury accepted the strong defense of alibi interposed in their behalf, and acquitted them. The identification of Eichner was so strong, made by people who had known him for many years, and his proof of an alibi was so weak, that the jury rejected it, and convicted him of assault in the second degree.

The only point involved in the case is whether the acquittal of Finkelstein and Greenberger as defendants was inconsistent with Eichner's conviction for assault in the second degree, since the blow which resulted in the injury was not inflicted by Eichner personally, but by one of the other participants in the transaction. The appellant claims that the verdict was illogical and unlawful, and all that the appellant could have been rightfully convicted of was assault in the third degree. He cites People v. Munroe, 190 N. Y. 435, 83 N. E. 476. In that case one Munroe and one Barry were jointly indicted for robbery in the first degree under subdivision 2 of section 228 of the Penal Law, which describes the offense as committed by a person, "being aided by an accomplice actually present." The indictment charged that Barry was the accomplice actually present with Munroe and that Munroe was the accomplice actually present with Barry. Barry was acquitted and Munroe was convicted. The court said:

"A grand jury, framing an indictment under section 228, subd. 2, of the Penal Code, providing that the robber must be 'aided by an accomplice actually present,' is bound to plead that fact and point out the accomplice, if able to do so, or aver that his name is unknown to them. In the case before us the indictment was properly drawn, and we are brought to the question whether the defendant Munroe was legally convicted; his accomplice, Barry, having been found not guilty. * * * The evidence that convicted Munroe also convicted Barry; if it was not sufficient to convict Barry, it is clear that it was insufficient to convict Munroe. The acquittal of Barry amounted to this, in substance: The jury found that Barry was not actually present at the time of the robbery aiding Munroe. This being the fact, how was it possible to convict Munroe of robbery in the first degree?"

The court cited People v. Massett, 7 N. Y. Supp. 839,[1] where Massett was jointly indicted with two other men for robbery in the first degree, and where the two other men were acquitted and Massett convicted. Van Brunt, P. J., said:

"The jury, in the consideration of this evidence, either * * * violated their oaths in the acquittal of Cornell and Lull or in the conviction of Massett, because, as already stated, the evidence against the one was precisely

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 55 Hun, 606.

the same as the evidence against the others. They were all engaged in the robbery, or none of them."

[1, 2] There is a radical difference between the crime of robbery in the first degree, which depends upon the actual presence of an accomplice to constitute the crime, and that in the case at bar. Here three defendants were indicted as principals. The actual presence at the site of the crime of neither of them was necessary in order to constitute the crime for which they were indicted, nor for the lesser degree, of which Eichnor has been convicted. Nor is there a conspiracy alleged in the indictment. Under an indictment charging a person as a direct common-law principal, it may be shown that he either committed the act himself, or that he acted in conjunction with those who did commit it. In People v. Katz, 154 App. Div. 44, 139 N. Y. Supp. 137, affirmed 209 N. Y. 311, 103 N. E. 305, Ann. Cas. 1915A, 501, the defendant appealed from a judgment convicting him of grand larceny in the first degree. The court said:

"The basis of the charge against the defendant, as it developed upon the trial, was the allegation that he conspired with one Clark, described as a curb broker, one Persch, and one Sherwood, the cashier of a stock brokerage firm, to steal certain stock, the property of one Heinze. The scheme devised to obtain possession of the stock was bold and ingenious, and involved the intervention of the officers of a trust company. It was not charged that defendant actually and physically stole the stock. He was claimed to be what, in former days, would have been termed 'an accessory before the fact,' but was charged and indicted as a principal under the provisions of section 29 of the Penal Code (now Penal Law, § 2). He was indicted alone; Clark, Sherwood, Persch, and Field being separately indicted. Defendant's indictment does not mention any one else as having been concerned in the larceny, and does not explain that defendant is charged with the crime because he aided and abetted others in committing it. It simply charges him. substantially in the words of the statute, with having committed the crime. It is strongly urged that such an indictment is insufficient under the circumstances of the case, and that the indictment should have alleged who is said to have physically committed the crime. The Court of Appeals in People v Bliven, 112 N. Y. 79 [19 N. E. 638, 8 Am. St. Rep. 701], seems to have entertained a contrary opinion, and it is a well-known fact in the legal history of this state that the same contentions now made by the defendant were vehemently urged upon the Court of Appeals on the motion for a reargument of the appeal from the conviction for murder in People v. Patrick, and were necessarily overruled when the motion for reargument was denied. People v. Patrick, 183 N. Y. 62 [75 N. E. 963.] We are of the opinion, therefore, that this objection to the indictment is not well founded."

On appeal (209 N. Y. 311, at page 325, 103 N. E. 305, at page 309, Ann. Cas. 1915A, 501), Judge Werner said:

"The learned counsel for the defendant argues that the indictment, which charges the defendant as principal, is not sustained by proof that he aided and abetted others who were not jointly indicted with him. The indictment contains three counts, but the only one we need consider is the first, which charges larceny in the simple common-law form. This count charges the defendant with feloniously stealing, taking, and carrying away the property described, and the argument is that such a charge is not sufficient to permit proof that the defendant aided and abetted others in the consummation of a conspiracy to commit larceny. Over against this argument we quote the plain language of the statute that 'a person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person

who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a 'principal.' Penal Law, § 2 (Consol. Laws, c. 40). * * * Under the statute (Penal Law, § 2) he is a principal, if he has feloniously taken any part in the commission of the crime, and it was therefore proper to indict him separately, or jointly with others. Either form of indictment will sustain a conviction based upon evidence establishing his guilty participation in the crime, even though he may not have been present at its final consummation. People v. Bliven, 112 N. Y. 79 [19 N. E. 638, 8 Am. St. Rep. 701]; People v. Patrick, 183 N. Y. 52 [75 N. E. 963]."

People v. Adrogna, 139 App. Div. 595, 124 N. Y. Supp. 68, was an appeal from a judgment convicting the defendant of the crime of extortion. The court said:

"There is no direct evidence that the defendant wrote the letters, or any of them, and for this reason it is urged that the defendant could not be convicted under the indictment charging extortion by means of threats that the defendant would kill Scarito. But he could be convicted under the indictment, not only if he wrote the letters himself, but also if he acted in conjunction with those who did write them. People v. Bliven, 112 N. Y. 79 [19 N. E. 638, 8 Am. St. Rep.. 701]; People v. McKane, 143 N. Y. 455 [38 N. E. 950]; People v. Giro, 197 N. Y. 152 [90 N. E. 432.]"

In People v. Micelli, 156 App. Div. 756, at page 759, 142 N. Y. Supp. 102 at page 105, the court said:

"It is true that he was not indicted for conspiracy. In People v. McKane, 143 N. Y. 455 [38 N. E. 950], it was said: 'No conspiracy was charged in the indictment, nor was it necessary, since the conspiracy, if shown, was evidence in support of the charge stated from which the jury might find the main fact in issue. * * * When a conspiracy is shown, or evidence on the subject given sufficient for the jury, then the acts and declarations of the conspirators, in furtherance of its purpose and object, are competent, and in a case like this it is not necessary, in order to make such proof competent, that the conspiracy should be charged in the indictment.' To the same effect, People v. Putnam, 90 App. Div. 125, 85 N. Y. Supp. 1056, affirmed on opinion below, 179 N. Y. 518 [71 N. E. 1135]"

It was shown here that a number of men, of whom Eichner was one, and inferentially the leader, entered Tiger's bakeshop and violently assaulted one of his employés; that, escaping from the shop, they were met by Tiger; that Eichner struck him, knocking him down; that Eichner and the men accompanying him ran away; that Tiger pursued, shouting, "Police!" that two of the company thereupon left the sidewalk, and, while one seized his daughter, the other struck him down with a bar or blackjack. This is established by the evidence and found by the jury. The verdict also established that the two men who left the sidewalk were not Finkelstein and Greenberger, but two other unidentified individuals, who were engaged with Eichner in the transaction. It does not seem to me that Eichner is any the less guilty because the immediate assailant of Tiger was not identified. If he would have been responsible if the blow had been delivered by Finkelstein, I think, Finkelstein's alibi having been accepted, he is equally responsible for the blow delivered by his unidentified associate. If Eichner alone had been indicted, his conviction on this evidence could have been sustained. If he had been tried separately, the same result would have followed. So far as Eichner is concerned, his responsibility depends upon the fact that the actual blow with the dangerous weapon was de-

livered by a person engaged with him in the same transaction, and not upon the identification of that person with a man named in the same indictment as a principal.

I think the judgment of conviction should be affirmed. Order filed. All concur.