DOMENICK C. PAUL *v.* ABRAHAM NEWMAN.

May Term, 1928.

Present: WATSON, C. J., POWERS, MOULTON, and CHASE, JJ., and
THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*J. A. Crowley* and *James P. Leamy* for the plaintiff.

*Fenton, Wing & Morse* for the defendant.

WATSON, C. J. This is an action to recover damages for
breach of contract in the sale by defendant to the plaintiff of an
automobile, at Rutland, this State, on December 18, 1925. The
plea was general denial. At the close of plaintiff's evidence,
a verdict was directed in favor of defendant. The plaintiff
brings up the case on exceptions to the actions of the trial court
in excluding certain offered evidence, in directing a verdict,
and in rendering judgment on verdict.

The contract in question was in writing, dated the day and year above named, and put in evidence by plaintiff. It appears on its face that on said day the plaintiff ordered on one of defendant's printed order blanks, filled out in writing and signed by plaintiff as purchaser and by Louis Kendall as defendant's salesman, and accepted by defendant as dealer by his retail manager, "1 Studebaker Special '6' model Sedan, with standard equipment," etc., to be delivered on or about April 15, 1926. The year of the make of the car so sold on the one hand and bought on the other, was not specified in the written contract.

After putting that contract in evidence without objection being made, the plaintiff's attorney made the following offer: "We claim and offer to prove that in addition to this written contract in which the model of the car was not set up, that Mr. Newman and Mr. Paul had some conversation and understanding as to what year make of car was to be delivered; that that is not set up in the written contract, and that we are entitled to show what that conversation was, what Mr. Paul expected to get and what Mr. Newman claimed at that time and ever since that he did deliver to him." On being asked by the court as to what time their evidence would tend to show this conversation took place, the attorney answered: "At the time this contract was made, but it was not set down there, the year, the make of the car which Mr. Newman proposed to deliver, and this contract was made the 18th day of December for delivery the following April, and the car Mr. Newman did deliver two months after he was supposed to deliver was a year old at that time and within five weeks from that day was a two-year old."

Objection being made to the admission of the evidence offered, on the ground that the written contract was complete in every detail and could not be amplified by parol evidence, the offer was excluded and exception saved.

Without passing upon the question whether parol evidence of a conversation and understanding had between the parties at the time the contract was made, to the effect that the automobile sold on the one hand and purchased on the other as per written contract, was a car made in 1926, would have been competent against the objection, had the offer stated what the conversation in fact was, it is enough to say in overruling the exception that the offer did not state that—it stated merely the subject-matter thereof. Consequently the offer was too general

to apprise the court of what the plaintiff proposed to show, and its exclusion was not error. *McQuiggan* v. *Ladd,* 79 Vt. 90, 64 Atl. 503, 14 L. R. A. (N. S.) 689; *Moncion* v. *Bertrand,* 98 Vt. 332, 127 Atl. 571; *Crahan* v. *Chittenden,* 82 Vt. 410, 74 Atl. 86.

The offer made being excluded, plaintiff rested. Thereupon defendant moved for, and was granted, a directed verdict. The only evidence in the case was the written contract, and that contained nothing tending to show a breach thereof as alleged by plaintiff. This being so, there was nothing on which to base a judgment in his favor. It follows that each of the three rulings brought up for review was without error.

*Judgment affirmed.*