J. LEO JOHNSON *v.* HUGH MOORE.

November Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed January 4, 1938.

*Hugh Moore, pro se.*

*A. N. McLeod* and *Theriault & Hunt* for the plaintiff.

Powers, C. J. The defendant bought a used car of the plaintiff and gave his promissory note for the unpaid part of the purchase price. The car was not satisfactory to him, and he refused to pay the note. Suit was brought thereon and defended on the ground of false representations inducing the sale. A jury trial in Montpelier municipal court, Judge A. C. Theriault, presiding, resulted in a verdict for the plaintiff for a sum somewhat smaller than the amount of the note. Judgment was rendered accordingly, and the defendant excepted.

When the case was ready for trial below, the defendant objected to Judge Theriault as trial judge, on the ground that he was disqualified because his brother, W. N. Theriault, appeared as attorney for the plaintiff. The judge ruled that he was qualified. to try the case and ordered the trial to proceed. The defendant excepted.

There was no error in this ruling. In the absence of a statutory or constitutional provision to the contrary, a relationship between the judge and an attorney in the case, no matter how close it may be, does not disqualify the former from acting. The only relationship which disqualifies one called upon to act in a judicial capacity in this jurisdiction is specified in P. L. 1237 which bars one "related to either party within the fourth degree of consanguinity or affinity." As long ago as *Searsburgh. Turnpike Co.* v. *Cutler*, 6 Vt. 315, this statute was given a strict construction, and was held to apply only to those who were actual parties to the suit.

The conclusion we have reached upon this exception is sustained by *People* v. *Patrick*, 183 N. Y. 52, 75 N. E. 963, 964; *Casmento* v. *Barlow Bros. Co.*, 83 Conn. 180, 76 Atl. 361, 362; *In re Wunsch's Est.*, 177 Minn. 169, 225 N. W. 109; and other cases cited in a note to *Norwich Union Fire Ins. Co.* v. *Standard Drug Co.*, 121 Miss. 510, 83 So. 676; 11 A. L. R. 1321, 1325, and is sanctioned by an unbroken practice extending from the earliest times to this date.

The defendant claimed the right to open and close the argument to the jury. The court ruled against him and he excepted. Speaking broadly, the right contended for by the defendant belongs to the party holding the affirmative of the issue being tried. To determine how this rule applies to a given case, it is necessary to ascertain from the record, the party against

whom judgment would be rendered if no evidence was introduced by either party. This depends upon the record as it stands when the trial begins. So if, as the pleadings stood when this trial began, judgment would have gone against the defendant if no evidence was introduced, the exception was well taken. But if, upon the supposition made, judgment would have gone for the defendant, the exception cannot be sustained. So, here, it all depends upon whether the general issue was in the case, so that it was necessary for the plaintiff to establish his note by proof sufficient to make a *prima facie* case. *Harvey* v. *Broulette*, 61 Vt. 525, 528, 17 Atl. 722; *Farrington* v. *Jennison*, 67 Vt. 569, 572, 32 Atl. 641. The record shows that the return day of the writ was May 17, 1937; and that within five days thereafter, the defendant filed an answer setting up fraud and deceit in the sale of the car for which the note was given. But he neither admitted nor denied the allegations of the complaint. The answer having been filed within the municipal court rule, neither the provision of P. L. 1574, II, nor rule III of the municipal courts, regarding the general denial being treated as pleaded, applies. So it must be taken that the general issue was not in the case, and the special defense, alone, was involved. The defendant was entitled to open and close. But it does not follow that a reversal is required. For it is not enough, now, that an exceptor shows error. He must, in order to secure a reversal, go further and show affirmatively that he was prejudiced thereby. *Smith* v. *Martin*, 93 Vt. 111, 128, 106 Atl. 666; *State* v. *Williams*, 94 Vt. 423, 431, 111 Atl. 701; *Hill* v. *Bedell*, 98 Vt. 82, 85, 126 Atl. 493; *MacDonald* v. *Orton*, 99 Vt. 425, 431, 134 Atl. 599; *Higgins* v. *Metzger*, 101 Vt. 285, 296, 143 Atl. 294; *In re Moxley's Will*, 103 Vt. 100, 115, 152 Atl. 713; *Bloomstrand* v. *Stevens*, 104 Vt. 1, 3, 156 Atl. 414.

Prejudice is not made to appear, and the exception avails the defendant nothing.

■ The defendant offered to show that he learned from certain unidentified mechanics and from an unnamed book used by registration officers that the car in question was in fact a "small six," and not a "big six" as it was represented to be when he bought it. This was excluded and he excepted.

The offered evidence was secondhand information and too plainly hearsay to merit discussion. Neither the statements of

the mechanics nor the fact set forth in the book could be brought before the jury in the way proposed. Wigmore, Evidence, § 1362. The best evidence rule required that the mechanics be brought in as witness, and that the book, properly sponsored, be produced in court, and offered in evidence.

The defendant seasonably presented to the court seven requests for instructions, and excepted to the omission of the court to comply with them.

▇▇▇ There are several reasons why these exceptions cannot be sustained. In the first place, an inspection of them discloses that each covers an abstract proposition of law, without any suggestion as to how it applied to the case on trial. The court could not comply literally, because abstract instructions are condemned. *Green* v. *Stockwell*, 87 Vt. 459, 464, 89 Atl. 870. For, as Chief Judge Redfield said in *State* v. *McDonnell*, 32 Vt. 491, 536, such instructions are but imperfect guides to a common jury in the determination of a complicated case. The only object of giving instructions is, of course, to assist the jury to a correct decision of the case made by the record. Simply giving the members of the jury an abstract rule of law for them to apply without help would be quite as apt to confuse them as to clarify their minds as to the legal aspects of the case before them. It is much the same with requests. The useful purpose they are intended to serve is to assist the court in making clear to the jury the legal aspects of the case they are to decide. In order to be effective to that end, they must make clear to the court the application of the law to the facts, according to the views of counsel who present them. They should not be expressed in abstract terms, alone, but should be applied specifically to the case made by the evidence. These requests were properly disregarded. 1 Sackett on Instructions, § 179; *Parliman* v. *Young*, 2 Dak. 175, 4 N. W. 139, 144, 711; *Moody* v. *Osgood*, 54 N. Y. 488, 494; *Hessing* v. *McCloskey*, 37 Ill. 341, 352; *Dale* v. *Kennedy*, 38 Ill. 282, 287.

▇▇ ▇▇ Then, too, the defendant's exception was too general. He made no attempt to point out wherein the charge fell short of a compliance with the several requests. All he did was to claim an exception to each request, stating the substance of it. This was not enough. An exception to the failure of the court to comply with numerous requests to charge by reference

to their numbers is too general to require attention. *McAllister* v. *Benjamin*, 96 Vt. 475, 491, 121 Atl. 263.

 Nor does the defendant point out to us wherein the court failed to comply with his requests. He calls our attention to certain pages of the transcript and to certain sections of the Public Laws and leaves us to search for the errors he complains, of. This we are not required to do. *Hopkins* v. *Sargent's Est.,* 88 Vt. 217, 222, 92 Atl. 14; *Barclay* v. *Wetmore & Morse Granite Co.*, 94 Vt. 227, 234, 110 Atl. 1; *Dent* v. *Bellows Falls, etc., St. Ry. Co.*, 95 Vt. 523, 534, 116 Atl. 83. The statement of a contention not supported by argument or citation is inadequate briefing and merits no consideration. *Doubleday* v. *Stockbridge,* 109 Vt. 167, 194 Atl. 462, 463.

*Judgment affirmed.*