(May 12, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TED JEROME HARDY, Appellant.— SWEENEY, J. Appeal from a judgment of the County Court of Tompkins County, rendered May 16, 1969, convicting defendant, after a jury trial, of assault in the third degree. The defendant and one Dupree were charged with assault, second degree, causing serious physical injuries to Thaddeus Blayda and his wife, Linda, committed on May 18, 1968 in Ithaca, New York. The jury found defendant guilty of assault, third degree. Defendant raises several issues on this appeal. He contends, among other things, that the trial court erred in receiving in evidence testimony of injuries to Linda Blayda and testimony of certain events which followed the assault. There is abundant evidence in the record to warrant the jury's verdict. Therefore, we should not disturb it unless we conclude that any error which might have occurred influenced

the jury and tainted its verdict to the prejudice of defendant's rights. (*People v. Kingston,* 8 N Y 2d 384.) According to the indictment defendant and Dupree in conjunction with each other caused the injuries to Blayda and his wife. The evidence demonstrates that they acted in concert in confronting and assaulting the Blaydas. Consequently, each is criminally responsible for the other's acts. (Penal Law, § 20.00.) Under these circumstances the court properly received the testimony of injuries to Mrs. Blayda, even though some were actually inflicted by Dupree. (*People v. Eichner,* 168 App. Div. 200.) The trial court allowed evidence of defendant's pursuit of the automobile which took the Blaydas from the scene, and of his striking the automobile windows with an umbrella. These acts were closely related in time and place to the initial assault, and reflect on defendant's intent. We find no error in this regard. (Richardson, Evidence, [9th ed.], §§ 177, 182, 183; *People v. Barton,* 30 A D 2d 726.) Defendant further contends that the court should not have received testimony of the use of an umbrella by defendant in the assault, since it was not alleged in the indictment. This objection is without merit. The trial, judgment or proceedings on an indictment are not affected by reason of an imperfection as to form which in no way prejudices the defendant. (Code Crim. Pro., § 285; *People v. Armlin,* 6 N Y 2d 231.) All the particular means used in the commission of the offense need not be set out in the indictment. (*People v. Farson,* 244 N. Y. 413, 419–420; *People v. Knapp,* 206 N. Y. 373, 384.) Neither is there any merit to defendant's contention that certain remarks made by the District Attorney in his summation require reversal. Taking the summation as a whole, and considering the remarks in context, they did not deprive defendant of a fundamentally fair trial. (*People v. Adams,* 21 N Y 2d 397.) Finally, defendant contends his sentence was excessive. He received the maximum under the law. In determining the appropriate punishment the court had the dual consideration of the community's denunciation of the defendant's misconduct, on the one hand, and the hopeful prevention of future similar conduct on the other. It was necessary for such a determination to consider defendant's prior record and conduct and his likelihood for rehabilitation. The defendant is 25 years of age and married. He has no previous criminal record. He had always been most active in his church. He had received an honorable medical discharge from the Navy due to a mental condition. Under these circumstances we do not believe the defendant should have received the maximum punishment of both a year's imprisonment and a fine. (*People v. Lewis,* 282 App. Div. 267; *People v. Burghardt,* 17 A D 2d 912.) Judgment modified, on the law and the facts, by reducing the sentence to a term of one year in the Onondaga County Penitentiary, and, as so modified, affirmed. Herlihy, P., J., Greenblott, Cooke and Sweeney, JJ., concur in a memorandum by Sweeney, J. Reynolds, J., concurs in a separate memorandum. Reynolds, J. (concurring). I am not dissenting in this case because it would be an exercise in futility, but I am definitely opposed to any modification on the sentence of the County Court. We are dealing here with a heinous crime, a vicious, unprovoked assault upon a man and his wife on one of the main streets of Ithaca, New York, in broad daylight. They were walking along the street minding their own business when they were savagely attacked by two men and ended up in the hospital with pathetic injuries; badly fractured jaws. These painful injuries resulted in extended disability and may even have permanent results. How a jury under the facts of this case could substitute assault third on an indictment for assault in the second degree is difficult to understand under the conditions existing in this day and time, but interference with the discretion of the County Court in its fair and legal sentence for assault third based upon the above facts, for the unimpressive reasons

set forth in this court's memorandum, is even more difficult to support and does not receive my approval.