the jury. Rabin, P. J., Latham, Shapiro and Brennan, JJ., concur; Gulotta, J., dissents and votes to reverse the judgment and to dismiss the indictment with the following memorandum: In my opinion, particularly since the proof of guilt adduced was not overwhelming, defendant was deprived of a fair trial by the cumulative effect of the following errors: (a) In his summation the prosecutor introduced an irrelevant issue involving racial prejudice; (b) despite the fact that, in marshalling the evidence, the trial court carefully summarized the testimony of all the witnesses, no summary was given of defendant's testimony; (c) the prosecutor examined defendant at length with respect to events which had occurred in connection with a criminal act allegedly committed by him subsequent to the crime charged herein, despite proscription of such examination by the trial court; and (d) during the course of the trial one of the jurors received information from an out-of-court source relative to the case, albeit the information was favorable to defendant. Since defendant has served his sentence, the ends of justice will be accomplished in this case by the dismissal of the indictment (*People* v. *Mitchell,* 34 A D 2d 690; *People* v. *Kvalheim,* 17 N Y 2d 510).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD GLOVER, Appellant. — Judgment of the Supreme Court, Kings County, rendered May 21, 1969, and order of said court, dated March 6, 1970, affirmed (see *People* v. *Eichner,* 168 App. Div. 200; *People* v. *Mann,* 61 Misc 2d 107). Rabin, P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS LaROCCA, Appellant. — Appeal by defendant from an order of the County Court, Nassau County, dated October 22, 1970, which denied his motion for a new trial (Code Crim. Pro., § 465, subd. 7). Appeal dismissed on the ground that no appeal lies from such an order (Code Crim. Pro., § 517; *People* v. *Palumbo,* 282 App. Div. 1059). We have examined the merits and would affirm the order if the appeal were not to be dismissed. Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY LEE SYKES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 9, 1970, upon indictment No. 510/69, convicting him of attempted assault in the first degree and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Latham, Shapiro and Brennan, JJ., concur; Gulotta, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum, in which Rabin, P. J., concurs: In my opinion, reversible error was committed by the Trial Justice in failing to submit to the jury the issue of the voluntariness of an incriminating statement made by defendant, offered at the trial, notwithstanding that the issue had preliminarily been passed upon by the trial court in the jury's absence (*People* v. *Huntley,* 15 N Y 2d 72; N. Y. Const., art. I, § 2). At the trial, counsel for defendant conducted an extensive examination of three of the defense witnesses on the issue of defendant's physical condition at the time he made the incriminating statement. Thereby, the question of voluntariness was put in issue at the trial; and the right to have that issue submitted to the jury was not waived by the failure of counsel to take exception to the charge or request addition of the issue to the charge (*People* v. *Mials,* 27 A D 2d 944; *People* v. *Cefaro,* 23 N Y 2d 283, 288).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY LEE SYKES, Appellant. — Judgment of the Supreme Court, Queens County, rendered June 9, 1970, upon indictment No. 2564/69, affirmed. No opinion. Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.