# State of Vermont v. Robert S. Joyce, Sr.

[433 A.2d 271]

No. 156-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*M. Jerome Diamond,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *George Brooks,* Montpelier, for Defendant.

**Billings, J.** The defendant-appellant was convicted of attempting to cause serious bodily injury to his son. 13 V.S.A. § 1024(a). The incident in question occurred on June 20, 1979, in front of and within the house where both father and son were living. Five witnesses to the incident, in addition to the victim, testified during the trial. There was testimony that the appellant knocked his son to the ground and repeatedly kicked him in the side and head. The defendant was convicted after a jury trial, and now appeals.

The appellant has brought three claims of error to this Court, each relating to the trial court's charge to the jury. The appellant's first argument is that the evidence on the issue of intent was entirely circumstantial, and that the trial court therefore should have instructed the jury that they had to acquit the defendant unless the circumstances excluded every reasonable hypothesis except that of guilt. Even if all the evidence on this issue were circumstantial, this alone would not require that any special instruction be given to the jury. *State v. Olds,* 140 Vt. —, — A.2d — (1982). The jury in this case was instructed that in order to return a verdict of guilty it must find that the State had proven all the elements of the crime beyond a reasonable doubt. This is the standard of proof in a criminal case, whether the State's evidence is circumstantial or direct. *State v. Olds, supra.*

During the trial, the defense argued that at the time of the beating the defendant was too intoxicated to form the intent necessary for the crime of aggravated assault. When

specific intent is an element of a crime, evidence of either voluntary or involuntary intoxication may be introduced to show that the defendant could not have formed the necessary intent. *State* v. *D'Amico,* 136 Vt. 153, 156, 385 A.2d 1082 (1978). In the course of its instructions to the jury, the court apparently stated that "evidence of involuntary intoxication may be introduced to nullify the ability of the defendant to possess the deliberate purpose or intent necessary to an assault . . . ." The appellant argues that this statement could have led the jury to assume that voluntary intoxication may not be raised to negate the necessary intent. The appellant did not object to this part of the instructions before the case was given to the jury, as required by V.R.Cr.P. 30. The failure to raise an objection in the trial court constitutes a waiver of the claim of error. *McCrea* v. *State,* 138 Vt. 517, 520, 419 A.2d 318 (1980); *State* v. *Kasper,* 137 Vt. 184, 190, 404 A.2d 85 (1979). This Court will consider a claim not raised below only if it constitutes glaring error. *State* v. *Mecier,* 138 Vt. 149, 157, 412 A.2d 291 (1980); *State* v. *Kasper, supra.* There is no such error here. It is always necessary to consider the charge to the jury in its entirety. *State* v. *Gokey,* 136 Vt. 33, 36, 383 A.2d 601 (1978); *Paton* v. *Sawyer,* 134 Vt. 598, 600, 370 A.2d 215 (1976). In this case the court's instructions on the question of intoxication were substantially correct and unlikely to mislead the jury. Furthermore, in their closing arguments, the State and the defense each discussed the appellant's intoxication at the time of the beating, with no suggestion that only involuntary intoxication should be considered by the jury. Under these circumstances the error, if any, cannot be considered glaring.

The appellant's final argument is that the trial court erred when it instructed the jury that a bystander has no legal duty to try to stop a fight. Apparently none of the witnesses to the beating attempted to intervene or to summon assistance. The defense argued to the jury that if the appellant had actually been trying to seriously injure his son, any reasonable person would have done something to stop him. The court gave the following instruction to the jury: "There is no duty for a person to attempt to stop a fight from taking place in his presence, and the fact that he does not do so is not an excuse for engaging in such conduct." The appellant claims that this

instruction is incorrect as a matter of law, and that he was prejudiced by it.

■■ As a general rule, there is no duty under the common law to aid a person who is in danger. *Yania* v. *Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Reynolds* v. *Nichols,* 276 Or. 597, 556 P.2d 102 (1976); Restatement (Second) of Torts § 314 (1965). The appellant argues, however, that 12 V.S.A. § 519(a) creates a duty to intervene in a situation like that involved here. This statute, known as the Duty to Aid the Endangered Act, provides as follows:

> A person who knows that another is exposed to grave physical harm shall, to the extent that the same can be rendered without danger or peril to himself or without interference with important duties owed to others, give reasonable assistance to the exposed person unless that assistance or care is being provided by others.

Contrary to the assertions of the State, this statute does create a duty to aid endangered persons under some circumstances. It does not create a duty to intervene in a fight, however. Such a situation must present the "danger or peril" to the rescuer which under the statute prevents a duty from arising. *Id.*

■ In any event, this instruction could have had little effect on the appellant's argument below. The defense did not argue that there was a legal duty to intervene in a fight, but contended that a reasonable person would have done so if the appellant had actually been attempting to seriously injure his son. Whether or not this is true, it is not affected by an instruction that there is no legal duty to intervene. The appellant points out that instructions to a jury on abstract questions of law are improper, *Johnson* v. *Moore,* 109 Vt. 282, 196 A. 246 (1938), and that this instruction was not related to any legal theory suggested by either the State or the defense. This instruction, however, taken in the context of the charge as a whole, *State* v. *Gokey, supra,* could not have misled the jury and is not a reason for reversal.

*Affirmed.*