■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND A. SIMMONS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 24, 1982, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny. Police were summoned by Peter Phelan to his apartment at 10:30 P.M. on December 14, 1981 when he heard noises from within. Officers arrived and apprehended a James Mans exiting the apartment carrying Phelan's property. While Mans was being arrested, Officer Hinners entered the apartment and confronted Phillip Curtis and a second male who jumped out the window and fled. The officers found items stolen from Phelan's apartment at Mans' residence. Officer Hinners identified defendant from a photo array as the person who fled Phelan's apartment. Defendant was arrested on January 9, 1982. He was subsequently convicted of burglary in the second degree and petit larceny. Defendant contends on this appeal that a prima facie case was not established in that a necessary element was not proven, i.e., that defendant feloniously carried away Phelan's property. We disagree. Defendant was identified as being present in Phelan's residence at the time Mans was caught removing property belonging to Phelan, and it was reasonable for the jury to conclude, pursuant to the accomplice liability charge given by the court, that it was also defendant's purpose to steal Phelan's property (see *People v Bosque,* 78 AD2d 986, mot for lv to app den 52 NY2d 901, cert den 451 US 992). The evidence was sufficient to support the finding that defendant acted in concert with Mans and Curtis and was criminally liable pursuant to section 20.00 of the Penal Law for the others' acts (see *People v Hardy,* 34 AD2d 843). Defendant urges that the court's charge on identification was inadequate and constitutes reversible error. We find that, taking the charge as a whole, it gave adequate guidance to the jury with respect to reviewing and evaluating identification testimony. We find no merit to other issues raised by defendant. Judgment affirmed. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.