2005 VT 29

**Gerald WATSON, Kay Watson, New England Graphic Machine and Engineering, Inc., and Security Maintenance, Inc. v. Robert DIMKE, David Feiden, and Feiden & Greenberg**

[872 A.2d 337]

No. 04-226

¶ 1. March 3, 2005. Plaintiffs Gerald Watson, Kay Watson, New England Graphic Machine and Engineering, Inc., and Security Maintenance, Inc., appeal from the trial court's order granting summary judgment to defendants Robert Dimke, David Feiden, and Feiden & Greenberg, on their negligence complaint. Plaintiffs alleged that defendants had negligently disclosed subpoenaed copies of their financial records. The trial court granted summary judgment after finding that defendants did not owe plaintiffs a legal duty, and defendants' actions were not the proximate cause of any injury suffered by plaintiffs. Plaintiffs argue that the trial court erred because: (1) accountants owe a professional duty to their clients to ascertain the validity of a subpoena before disclosing financial information without client consent; and (2) accountants are under a duty to maintain the confidentiality of client information under 26 V.S.A. § 82(a) unless a court orders otherwise. We affirm.

¶ 2. The following facts are undisputed. Defendants performed accounting services for plaintiffs. In 1995, North Bennington Industrial Buildings, Inc. (NBIB) commenced an ejectment action against plaintiffs. Plaintiffs cross-claimed

and counterclaimed for money damages. As part of the discovery process, NBIB requested certain financial records from plaintiffs under V.R.C.P. 34. Plaintiffs did not object to the production of these documents, and produced some of the requested information themselves. When plaintiffs did not produce all of the requested documents, NBIB issued subpoenas to defendants Dimke and Feiden to compel production of plaintiffs' financial records.

¶ 3. Upon receiving the subpoena, defendant Feiden called his attorney, who advised him to produce the requested documents. Feiden directed defendant Dimke to disclose the documents. Dimke's personal attorney also advised him to produce the records. Although Mr. Watson objected to the disclosure, Dimke complied with the subpoena, and informed Mr. Watson of his actions. Mr. Watson objected in writing, although his attorney did not move to quash the subpoenas, nor did he move for a protective order. The underlying case was eventually settled for $300,000 in favor of the Watsons.

¶ 4. In December 2001, plaintiffs filed suit against defendants, alleging, among other claims, that defendants had been professionally negligent in disclosing the subpoenaed financial records, and that they had suffered damages as a direct and proximate result. The parties filed cross-motions for summary judgment. In an April 2004 entry order, the court granted summary judgment to defendants. The court found that the disclosed information was not privileged because an accountant-client privilege did not exist in Vermont or under federal law. The court rejected plaintiffs' assertion that accountants were nonetheless under a duty to resist subpoenas when their clients did not consent to disclosure. The court explained that the closest equivalent to a privilege could be found in 26 V.S.A. § 82(a), which prohibited public

accountants from disclosing confidential information "except with the consent of the client ... or as disclosure may be required by law, legal process or the standards of the profession." Even assuming that at least part of the information that defendants held was confidential and thereby covered under 26 V.S.A. § 82, the court explained that the receipt of a subpoena by a litigant in a civil suit constituted a requirement to disclose under legal process. Thus, defendants' compliance with this legal requirement did not violate any duty that they may have owed plaintiffs.

¶ 5. The court also rejected plaintiffs' contention that the subpoenas had not been properly executed. The court found no evidence to show that service of the subpoenas had been incomplete. Additionally, the court explained, although plaintiffs could have raised such arguments in support of a motion to quash at the time of service, the standards set forth in 26 V.S.A. § 82 did not support such an attack against the facial validity of a subpoena in support of a liability claim. The court found that the undisputed facts showed that defendants had received a subpoena, sought legal consultation, were aware that they were required to provide material within a legal process, and complied. Because there was neither a statutory nor common law duty for accountants to fend off subpoenas, the court concluded that defendants did not violate any duty by complying with the subpoena.

¶ 6. Even if defendants did owe plaintiffs some legal duty, the court explained, plaintiffs had not demonstrated that defendants' disclosure was the proximate cause of any injury that they suffered. The court found no evidence that defendants' compliance with the subpoenas had undercut plaintiffs' ability to recover a larger settlement amount. Plaintiffs' decision to settle, the court explained, while potentially a result of the disclo-

sure, was a tactical decision, rather than a necessary result of defendants' actions. The court found that without additional evidence, it would be speculative to conclude that "but for" the release of unprivileged information, plaintiffs would have recovered a larger sum. Thus, because there was no proof of a legal duty owed, nor proof of harm, the court granted defendants' motion for summary judgment, and dismissed plaintiffs' claims against defendants. This appeal followed.

¶ 7. Plaintiffs maintain that the trial court erred in finding the absence of a legal duty. They argue that, viewed as a whole, 26 V.S.A. § 82 clearly imposes a duty on accountants to ascertain the validity of subpoenas before disclosing client information. Plaintiffs assert that the Legislature purposely distinguished between governmental and nongovernmental subpoenas, and intended that an additional legal process or consent of the client be required before an accountant must disclose information pursuant to the latter. Plaintiffs argue that in light of 26 V.S.A. § 82(a), and V.R.C.P. 45, which sets forth a procedure by which subpoenas may be challenged, and given their opposition to the disclosure of the requested documents, defendants were under a duty to object pursuant to Rule 45 and withhold client information until a court issued an order compelling their compliance. In support of their argument, plaintiffs point to the "Standards of the Profession" set forth in the American Institute of Public Accountants Code of Professional Conduct (AICPA), which prohibits disclosure of confidential information without client consent with an exception for information requested pursuant to a "validly issued and enforceable subpoena." Plaintiffs point to the use of the words "validly issued" and "enforceable" as evidence of the existence of the affirmative duty described above.

¶ 8. We review a grant of summary judgment using the same standard as the trial court. *Richart v. Jackson,* 171 Vt. 94, 97, 758 A.2d 319, 321 (2000). Summary judgment is appropriate when, taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.;* V.R.C.P. 56(c). A party is entitled to summary judgment if he presents at least one legally sufficient defense that would bar a plaintiff's claims. *Smith v. Day,* 148 Vt. 595, 597, 538 A.2d 157, 158 (1987). Summary judgment was properly granted here.

¶ 9. To support their negligence claim, plaintiffs need to show that defendants owed them a legal duty, the breach of the duty was the proximate cause of their harm, and they suffered actual loss or damage. *O'Connell v. Killington, Ltd.,* 164 Vt. 73, 76, 665 A.2d 39, 42 (1995). There is no legal support for plaintiffs' assertion that accountants are under an affirmative duty to resist subpoenas, and we reject plaintiffs' tortured interpretation of 26 V.S.A. § 82. The plain language of 26 V.S.A. § 82(a) prohibits accountants from disclosing confidential information except as "may be required by law, legal process or the standards of the profession." Where, as here, the language of a statute is clear and unambiguous, "we must apply the plain meaning of the language used." *Reed v. Glynn,* 168 Vt. 504, 506, 724 A.2d 464, 465 (1998). Assuming that the requested information was confidential, and thus within the ambit of 26 V.S.A. § 82, a request for documents via subpoena is a "legal process" within the plain meaning of the statute.

¶ 10. Plaintiffs offer no persuasive support for a contrary conclusion. We reject their contention that the Legislature intended to impose a heightened duty on accountants to resist nongovernmental subpoenas merely because 26 V.S.A. § 82(b) provides that "[t]his section does

not limit the authority of this state or of the United States to subpoena and use information in connection with any investigation, or proceedings." The plain language of the statute simply does not support such an interpretation. Additionally, the existence of a procedure for challenging subpoenas in no way imposes a duty on accountants to avail themselves of this mechanism upon receipt of a subpoena. Finally, the use of the words "valid" and "enforceable" in the AICPA's standards does not support plaintiffs' assertion that accountants must determine the validity of subpoenas prior to compliance. Because plaintiffs cannot establish that defendants owed them a legal duty, nor that they breached any duty in disclosing the subpoenaed information, summary judgment was properly granted for defendants.

*Affirmed.*