[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 243 
¶ 1. Plaintiff appeals from a trial court order dismissing her claims of negligence and gross negligence against defendants State of Vermont and Trooper Maurice Lamothe. These claims arise from an alleged failure by the trooper to properly investigate a reported incident of domestic abuse against plaintiff that continued after the trooper left the scene. We conclude that the State and the trooper owed no special duty to plaintiff. We therefore affirm the trial court's dismissal.[1]
 ¶ 2. In reviewing a motion to dismiss, we accept all of the nonmoving party's alleged facts as true to determine whether there are any circumstances that may entitle that party to relief. Alger v. Dep't ofLabor Indus., 2006 VT 115, ¶ 12, 181 Vt. 309, 917 A.2d 508. "We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false." Id.
 ¶ 3. Plaintiff's complaint alleges the following relevant facts. On November 18, 2002, plaintiffs former boyfriend sexually assaulted and battered her, leaving visible marks. The boyfriend had a history of domestic violence and was on probation at the time of the assault. After the sexual assault and battery, plaintiff's son told the clerk at a nearby store that plaintiff was still in danger. The clerk called 911, and the trooper responded. Plaintiff's son showed the trooper to plaintiff's apartment, where the boyfriend opened the door and let him in. The trooper interviewed the boyfriend separately while plaintiff was in the bedroom. After that interview, the boyfriend retrieved plaintiff from the bedroom, and the trooper interviewed plaintiff in the apartment doorway within *Page 244 
earshot of the boyfriend. The trooper observed the marks on plaintiffs face, but left the apartment without making an arrest or investigating further. After the trooper left, the boyfriend sexually assaulted and battered plaintiff a second time.
 ¶ 4. In the early morning hours of the following day, the boyfriend broke into plaintiffs apartment and again beat and sexually assaulted her. Afterwards, he dragged plaintiff down the stairs, causing her bodily injury that required medical attention. At the hospital, plaintiff was treated for a bruised lip, depression, anxiety, and post-rape trauma. A week later, the boyfriend was taken into custody and charged with second-degree aggravated domestic assault, burglary and sexual assault. He was found guilty of domestic assault and sexual assault and was sentenced to twenty to forty-five years.
 ¶ 5. Plaintiff subsequently filed the present suit, claiming that negligent supervision of the trooper by the State and gross negligence by the trooper led to the continued physical and sexual abuse of plaintiff. Defendants moved to dismiss, arguing that sovereign immunity barred the claims against the State under the Vermont Tort Claims Act,12 V.S.A. §§ 5601-5606, and further arguing that plaintiff failed to state a claim of gross negligence, as was necessary to overcome the trooper's statutory immunity. The court granted the motion, holding that plaintiff's claims against the State were not permitted under the Tort Claims Act because there was no private analog to the police action at issue, and the allegations against the trooper failed to depict the total absence of care required to support a claim of gross negligence.[2] Plaintiff appealed.
 ¶ 6. Under the doctrine of sovereign immunity, claims against the State are barred "unless immunity is expressly waived by statute." Sabiav. State, 164 Vt. 293, 298, 669 A.2d 1187, 1191 (1995). The Tort Claims Act waives immunity in cases where liability arises from "injury to persons . . . caused by the negligent or wrongful act or omission of an employee of the state while acting within the scope of employment, under the same circumstances, in the same manner and to the same extent as a private person would be liable to the claimant . . ." *Page 245 12 V.S.A. § 5601(a). "Thus, the State remains immune for governmental functions for which no private analog exists" and "waives its immunity only to the extent a plaintiffs cause of action is comparable to a recognized cause of action against a private person." Sabia, 164 Vt. at 298,669 A.2d at 1191 (quotations omitted). This approach bars negligence actions against the State in connection with purely "governmental functions" so as to avoid imposing "novel and unprecedented liabilities" on the State. DenisBail Bonds, Inc. v. State, 159 Vt. 481, 485-86, 622 A.2d 495, 498
(1993).
 ¶ 7. Before determining whether a private analog exists, we must first determine whether the factual allegations satisfy the necessary elements of a recognized cause of action. See id. at 487, 622 A.2d at 498.[3] To prove negligence, plaintiff must show that defendant owed her a legal duty, that a breach of that duty was a proximate cause of harm, and that she suffered actual damages. Watson v. Dimke, 2005 VT 29, ¶ 9,178 Vt. 504, 872 A.2d 337 (mem.). In this case, as in most cases of negligence against the State, the decisive element is duty. See, e.g., Denis BailBonds, 159 Vt. at 487-90, 622 A.2d at 499-500 (holding that State owed no duty to insurer to disclose evidence of misconduct by insurer's agent).
 ¶ 8. Ordinarily, the duty owed between strangers does not extend to controlling the conduct of third persons to prevent physical harm. SeeBreslauer v. Fayston Sch. Dist., 163 Vt. 416, *Page 246 
420, 659 A.2d 1129, 1132 (1995). Thus, if the trooper had simply been a passerby happening upon the scene he would have had no duty to protect plaintiff from being harmed by her boyfriend.[4] However, in certain circumstances the State may take upon itself a greater, special duty. In determining whether a government agency has undertaken a special duty of care to a specific person beyond that extended to the general public, we consider:
 (1) whether a statute sets forth mandatory acts for the protection of a particular class of persons; (2) whether the government has knowledge that particular persons within that class are in danger; (3) whether those persons have relied on the government's representations or conduct; and (4) whether the government's failure to use due care would increase the risk of harm beyond what it was at the time the government acted or failed to act.
Sabia, 164 Vt. at 299, 669 A.2d at 1191.
 ¶ 9. The State's law enforcement duties are provided for by statute. The Department of Public Safety was created "to promote the detection and prevention of crime generally." 20 V.S.A. § 1811. Included within the Department are the state police, who "shall be peace officers and shall have the same powers with respect to criminal matters and the enforcement of law relating thereto as sheriffs, constables, and local police." Id.
§ 1914. As the trial court concluded, the statutes create no special relationship between crime victims and law enforcement personnel: "The officer's duty is owed to the community as a whole. It obviously encompasses the protection of crime victims, but it is shaped primarily by the need to investigate and prosecute crimes." Cf. Corbin v. Buchanan,163 Vt. 141, 144, 657 A.2d 170, 172 (1994) (noting "the absence in Vermont of any general inference of a private action based on government regulations whose clear purpose is the general welfare"). The statutes do not set forth any mandatory *Page 247 
acts, much less mandatory acts for the protection of a particular class of persons. Because the statutes do not create a special duty, plaintiff relies on provisions of a police manual to establish one.
 ¶ 10. The Vermont State Police Rules Regulations, Operational Policies Procedures ("Manual") sets forth specific procedures for investigating a report of domestic violence. The procedures include interviewing all parties separately and obtaining a sworn statement from the victim. Manual, § 5, Article VIII, 4.1(A)(2). The Manual also states that "[a]rrest is the Department's preferred response to domestic violence because arrest offers the greatest potential for ending the violence." Id. § 5, Article VIII, 4.2(A). As the Manual recognizes, however, an arrest may be made only when "there is sufficient evidence to establish probable cause." Id. § 5, Article VIII, 4.2(B). This arrest language is in contrast to the statutorily mandated acts we found sufficient to create a special duty in Sabia, where the Legislature required that the agency responsible for child welfare "shall" undertake certain specific procedures after receiving a report of child abuse.164 Vt. at 299, 669 A.2d at 1191. Furthermore, because a police officer's decision to arrest, even under the Manual, is inherently discretionary,Town of Castle Rock v. Gonzales, 545 U.S. 748, 760 (2005) ("A well established tradition of police discretion has long coexisted with apparently mandatory arrest statutes."), we cannot conclude that the Manual created a duty to plaintiff to arrest the boyfriend. See also V.R.Cr.P. 3(a), (b) ("A law enforcement officer may arrest without warrant a person whom the officer has probable cause to believe has committed or is committing a felony [or a misdemeanor in the officer's presence]." (emphasis added)).
 ¶ 11. Additionally, the Manual has not been adopted as a rule pursuant to the Vermont Administrative Procedure Act, 3 V.S.A. §§ 836-844, and lacks the authority of a statute or regulation. Our test of whether a specific duty exists asks "whether a statute sets forth mandatory acts for the protection of a particular class of persons." Sabia, 164 Vt. at 299,669 A.2d at 1191 (emphasis added). Generally, internal policies and manuals provide preferred standards but not legal requirements for which individuals may hold the State liable. Searles v. Agency of Transp.,171 Vt. 562, 564, 762 A.2d 812, 814 (2000) (mem.) (holding that State was immune from alleged negligent failure to place warning sign at intersection because placing sign was a discretionary *Page 248 
function). Police guidelines and procedures set forth in manuals do not have the same authority as statutes and ordinances. Though such manuals may direct or recommend the manner in which Department employees perform statutorily prescribed duties and may define an employee's duty to his or her employer, they do not create a duty to third parties. Kugel v. UnitedStates, 947 F.2d 1504, 1507-08 (D.C. Cir. 1991) (violation of FBI's internal investigation "Guidelines" rejected as basis for duty in a negligence action); Dep't of Highway Patrol v. Pollack, 745 So. 2d 446,450 (Fla.Dist.Ct.App. 1999) (per curiam) (collecting cases), aff'd,882 So. 2d 928, 937 (Fla. 2004) (per curiam) ("While a written policy or manual may be instructive in determining whether the alleged tortfeasor acted negligently in fulfilling an independently established duty of care, it does not itself establish such a legal duty vis-a-vis individual members of the public"). Absent a specific duty owed to plaintiff, we need not reach the questions of private analog or whether any other exceptions to the Tort Claims Act apply. See Denis Bail Bonds,159 Vt. at 490, 622 A.2d at 500.
 ¶ 12. Having concluded that the State did not owe a special duty to plaintiff that would support a claim of negligence, we consider plaintiff's claim of gross negligence by the trooper.[5] Gross negligence is a "heedless and palpable violation of legal duty respecting the rights of others." Shaw, Adm'r v. Moore, 104 Vt. 529, 531,162 A. 373, 374 (1932). "[G]ross negligence is more than an error of judgment,"Hardingham v. United Couseling Service of Bennington County, Inc.,164 Vt. 478, 481, 672 A.2d 480, 482 (1995) (quotation and citations omitted), it is the failure to exercise "even a slight degree of care" owed to another. Mellin v. Flood Brook Union Sch. Dist., 173 Vt. 202,220, 790 A.2d 408, 423 (2001) (quotations and citations omitted). Whether an individual was grossly negligent is ordinarily a jury question, except where reasonable people cannot differ. Id. The trial court ruled that the facts alleged — the trooper responded to a report of domestic violence, found a bruised and bleeding victim, interviewed her within earshot of her boyfriend, and left without arresting the boyfriend — did not rise to the level of gross negligence as a matter of law. *Page 249 
 ¶ 13. On appeal, plaintiff recounts the trooper's numerous alleged violations of the Manual in support of her argument for gross negligence. Plaintiff, however, had no right to have the boyfriend arrested by the trooper, either pursuant to the law of arrest or under the Manual. Nor did the trooper fail to respond to the distress call made on plaintiffs behalf. As discussed above, the Manual created no duty to plaintiff, and the trooper was under no obligation to plaintiff to follow certain procedures. Assuming, for the sake of argument, that the trooper might have better investigated the matter and exercised his discretion differently, plaintiff nevertheless failed to set forth a wholesale absence of care or indifference to duty owed to her, as is necessary to state a viable claim for gross negligence. See Hardingham,164 Vt. at 483, 790 A.2d at 484 ("[A]n error of judgment or a loss of presence of mind . . . could be viewed as negligent, but not grossly negligent."). Accordingly, in the absence of a duty, the claim of gross negligence was properly dismissed.
 ¶ 14. Finally, plaintiff contends that dismissal was premature because she did not have adequate time for discovery. However, in deciding the motion to dismiss, all of plaintiffs allegations were accepted as true. The purpose of a motion to dismiss "is to test the law of the claim, not the facts which support it." Powers v. Office of Child Support,173 Vt. 390, 395, 795 A.2d 1259, 1263 (2002). Thus, discovery should be unnecessary to determine whether the alleged facts support the requested relief, and the trial court did not err in precluding further discovery by granting the motion to dismiss.
Affirmed.
[1] The State moved to strike parts of plaintiff's printed case and brief. Because we do not consider those parts of plaintiff's filings in reaching our decision, the motion is denied as moot.
[2] The court declined to reach defendants' other arguments that the trooper's actions were discretionary functions exempted from the Act and that the trooper had qualified immunity, and we need not address these arguments here.
[3] Our case law is inconsistent on this point. Some decisions bypass consideration of the elements of the claim and proceed straight to consideration of private analog. Compare Sabia, 164 Vt. at 298,669 A.2d at 1191 (stating that "Denis requires that we determine whether [a statutory duty of care] exists under the circumstances," and finding a duty to exist before reaching the private analog inquiry), with Noble v.Office of Child Support, 168 Vt. 349, 352, 721 A.2d 121, 123 (1998) (finding no private analog without determining the existence of a duty) and Lafond v. Dep't of Soc. Rehab. Servs., 167 Vt. 407, 409-10,708 A.2d 919, 920 (1998) (finding no private analog without determining the existence of a duty). Much of the inconsistency may be explained as this Court's responding to the particular arguments raised. Regardless, no-duty rules and immunity rules are often two sides of the same coin. See 1 D. Dobbs, The Law of Torts § 225, at 577 (2001) ("The similarities between no-duty rules and immunity rules are so great that the two terms can often be used interchangeably. . . .") — The blurred line is illustrated by our analysis in Andrew v. State, where we concluded that the statutes concerning workplace safety inspections did not create any duty to employees of inspected workplaces and had no private analog.165 Vt. 252, 256-60, 682 A.2d 1387, 1390-92 (1996).
[4] Plaintiff argues for application of Vermont's good Samaritan statute. That statute alters the common law duty by requiring that "[a] person who knows that another is exposed to grave physical harm shall . . . give reasonable assistance to the exposed person . . ."12 V.S.A. § 519(a). The statute is not applicable in this case because the facts alleged do not support a finding that trooper knew that plaintiff was exposed to grave physical harm. Furthermore, the statute "does not create a duty to intervene in a fight." State v. Joyce, 139 Vt. 638, 641,433 A.2d 271, 273 (1981).
[5] "Gross negligence" and "willful misconduct" are excepted from the general rule that causes of action for acts of State employees must be brought against the State and not the individual. 12 V.S.A. § 5602(b). *Page 250