STATE OF VERMONT
ENVIRONMENTAL COURT

|                                                    |   |                          |
|----------------------------------------------------|---|--------------------------|
|                                                    | } |                          |
| In re: Marcelino Waste Facility                    | } | Docket No. 44-2-07 Vtec  |
| (Appeal from Act 250 JO #4-205, 3rd Recons.)       | } |                          |
|                                                    | } |                          |
|                                                    | } |                          |

### Decision on Motion for Permission to Take an Interlocutory Appeal

This matter concerns a jurisdictional opinion issued by the District #4 Environmental Commission Coordinator ("District Coordinator"), concerning the need for an Act 250 permit for the A. Marcelino & Company Facility ("Marcelino Facility"), a recycling facility located in South Burlington, Vermont. Ranger Asphalt and Concrete Processing, Inc. ("Ranger"), first requested the jurisdictional opinion and then appealed the District Coordinator's 2nd reconsideration of that jurisdictional opinion, dated January 23, 2007, in which the District Coordinator announced his determination that the improvements to the Marcelino Facility did not constitute development so as to trigger Act 250 jurisdiction. The owners of the Marcelino Facility ("Marcelino") thereafter filed a motion to dismiss Ranger's appeal to this Court, which was denied in an opinion dated May 30, 2007. On September 18, 2007, Marcelino filed a request for reconsideration, arguing that Ranger is not a proper party to appeal in this case. This motion for reconsideration was denied on October 4, 2007.

On October 16, 2007, Marcelino filed a Motion for Permission to Take an Interlocutory Appeal; that motion is now ripe for this Court's consideration.

In deliberating over the motion at hand, this Court decided, sua sponte, to revisit the May 30, 2007 Decision denying Marcelino's motion to dismiss. Taking into consideration further research and deliberation over the applicable law, this Court hereby reverses its May 30, 2007 Decision and grants Marcelino's motion to dismiss. Accordingly, Marcelino's motion for permission to take an interlocutory appeal is now moot and therefore denied.[1]

### Discussion

Appellee Marcelino has consistently maintained that Ranger should not be granted party status under 10 V.S.A. §§ 8502 and 8503, because Ranger has not alleged an injury. Therefore,

---

[1] Also pending is Ranger's motion to compel Marcelino's answers to certain discovery requests. Due to the Decision announced here, that motion is now also moot and therefore denied.

1

a careful analysis of this claim is warranted. This Court's analysis of the statutes[2] begins with 10 V.S.A. § 6007(c), which states that "any person" may request a jurisdictional opinion ("JO") from a district coordinator. From this general right, Ranger has argued, and this Court has repeatedly agreed, flows the right to appeal to this Court when the requested JO is adverse to the desires of the requesting party. In this light, we have previously concluded that Ranger, after having suffered a reconsideration of the requested JO not to its liking, is a "person aggrieved" who is entitled to appeal. Our further examination of this legal issue has led us to the conclusion that we were not correctly interpreting the term "person aggrieved," as used in the applicable statutes.

While the right to request a JO is granted to all, the right to appeal a JO is limited to parties that meet certain specific statutory requirements.[3] Section 6007(c) has been discussed at length by the former Vermont Environmental Board ("E-Board") in its prior decisions. A brief discussion of the E-Board's past interpretation of similar statutory language is therefore warranted.[4]

The first point of note is that the E-Board recognized a difference between standing and party status. See Re: Putney Paper Company, Inc., Declaratory Ruling Request #335, Findings of Fact, Conclusions of Law, and Order at 5-6 (Vt. Envtl. Bd., May 29, 1997) (stating that "standing" is the proper analysis when parties wish to appeal; analysis of "party status" is reserved for when new parties seek to join an action initiated by another). It therefore seems that the proper argument to be analyzed in this matter is whether Ranger has *standing*, rather than party status, to appeal to the Environmental Court. The mere fact that Ranger was the party that originally requested the JO does not alone control our determination of Ranger's standing to bring this appeal. See Re: Alpine Pipeline Company, Declaratory Ruling Request #415, Memorandum of Decision at 7 (Vt. Envtl. Bd., Jan. 3, 2003) ("The legislature clearly created a

---

[2] Where statutory language is clear and unambiguous, the court must apply the plain meaning of the language used therein. Watson v. Dimke, 178 Vt. 504 (2005). The forthcoming analysis of the statutes will adhere to this rule of construction.

[3] 10 V.S.A. § 6007(c) concludes with the statement, "A jurisdictional opinion of a district coordinator shall be subject to a request for reconsideration in accordance with the rules of the board and may be appealed to the environmental court pursuant to chapter 220 of this title."

[4] Prior to enactment of the Permit Reform Law, which vested this Court with expanded jurisdiction, Act 250 appeals (including appeals from jurisdictional opinions) were heard and ruled upon by the former Environmental Board. Under the revisions to 10 V.S.A. § 8504(m), we are directed to give "[p]rior decisions of the Environmental Board . . . the same weight and considerations as prior decisions of the Environmental Court.".

different threshold for requesting a jurisdictional opinion ('any person') and appealing a jurisdictional opinion (only certain interested parties).").

In order to demonstrate standing under §6007(c) in proceedings that were previously appealed to the E-Board, the party seeking to appeal had to show that any proposed plans for development will affect their protected interests; that is, those interests specifically protected by any one of the ten Act 250 criteria or their sub-criteria.[5] See Re: Stone Cutter's Way/Winooski East Waterfront Redevelopment Project, Declaratory Ruling Request #391, Memorandum of Decision (Vt. Envtl. Bd., June 1, 2001) (where a party was not able to demonstrate injury to a protected interest, that party did not have standing to appeal). See also Putney Paper Company, Inc., Declaratory Ruling Request #335 at 4–5 (where the party's interests were not affected by the outcome of the District Coordinator's JO, that party did not have standing to appeal to the E-Board). The E-Board's discussions and rulings on the issue of standing to appeal a JO consistently maintain that the right to appeal is limited to those parties that meet the requirement of standing. The interests protected under Act 250 are not procedural interests, but are substantive interests that give rise to substantive rights, including the right to appeal.

The E-Board also recognized that the test for standing is similar in E-Board cases and civil cases. See Stone Cutter's Way, Declaratory Ruling #391 at 6 n.2, referencing Parker v. Town of Milton, 169 Vt. 74, 77 (1998) (reciting the three elements of standing: (1) injury in fact, (2) causation, and (3) redressability). Accordingly, the legislature limited the right to appeal in civil courts to those who can show that a particularized interest protected by Act 250 will be harmed. This limitation is stated in 10 V.S.A. § 8504 (entitled "Appeals to the Environmental Court"), which states that "any person aggrieved" by a JO issued by a district coordinator may appeal that decision to the Environmental Court.

For Ranger to have the proper status to appeal this JO, Ranger must meet this express statutory limitation.[6] It must qualify as a "'[P]erson aggrieved . . . who alleges an injury to a

---

[5] These criteria are, briefly stated: water and air pollution, water availability, burdens upon streams, protected wetlands and water supplies, soil erosion, transportation concerns, burdens upon educational facilities, provision of government services, effects on aesthetics and area wildlife, conformance with the Capability and Development Plan, and conformance with local and regional plans.

[6] Ranger acknowledges in its response to Marcelino's motion for permission to take an interlocutory appeal that the Vermont legislature has expressly restricted the right to appeal under Act 250. Ranger also states that the statutory provisions applicable to appeals from district coordinators' jurisdictional opinions are more lenient than those that apply to decisions from the district commissions. Whether this is true is material to our analysis here. However

particularized interest protected by the provisions of law listed in section 8503 of this title, attributed to an act or decision by the district coordinator, . . . that can be redressed by the environmental court or the supreme court." 10 V.S.A. § 8502(7). Stemming from this definition are four main points of discussion: (1) an injury must be alleged; (2) to a particularized interest protected by the provisions of law; (3) that is injured or affected by the act of the district coordinator in rendering the JO; (4) that can be redressed either by this Court or our Supreme Court. Our review of the record presently before us fails to provide evidence of Ranger satisfying any of these four statutory requirements for standing. It is for these reasons that we choose to revisit our May 30[th] Decision and enter a dismissal of Ranger's appeal.

Section 8503(b)(2) states that Title 10, Chapter 220 (§§ 8501-8505) applies to appeals concerning jurisdictional opinions issued by a district coordinator under Act 250. A careful reading of this provision leads to the conclusion that Chapter 220 governs the appeals process, but § 8503 does not, by itself, give rise to the specific right to appeal. Rather, this Chapter as a whole should be read to require that parties seeking to appeal must first meet the statutory requirements set forth in the provisions of Chapter 220 in order to bring such appeal. Stated another way, parties have the right to appeal a JO if there is a specific allegation of injury to an interest protected by the provisions of law referenced in §8503.

Appellant Ranger argued in its October 1, 2007 response to Marcelino's motion for reconsideration that "Ranger's particularized interest protected by §8503, therefore, is its legal right to request a jurisdictional opinion . . .." This Court disagrees, for the simple reason that while "all persons" are entitled to request a JO, the class of persons that are entitled to appeal a JO is more restricted. The proper analysis is to determine whether Ranger has established in the record before us that it has an interest protected by the provisions of Act 250 itself (i.e.: Title 10, Chapter 151, as referenced in 10 V.S.A. § 8503(b)(2)).

Act 250 provides the process by which parties seeking to develop or subdivide land may do so by obtaining the proper state land use permit; it also provides for an appeals process through which parties may appeal adverse decisions regarding permits granted or denied. These processes are not necessarily the interests to be protected under Act 250; they are the means by which certain interests are protected. The interests sought to be protected by Act 250 concern

---

lenient §8504(a) may be, it is not so lenient as to grant all persons the right to appeal a JO. The limitations are stated expressly in § 8504(a) and the other provisions comprising Chapters 151 and 220 of Title 10.

4

development and land use issues.[7]  If not for these interests, this Court is left to question why a permit would be necessary at all, and therefore, why an appeal of an adverse decision should be allowed.

As stated in Ranger's response to Marcelino's motion for reconsideration, the intent behind Act 250 is to promote land development that is "not unduly detrimental to the environment, will promote the general welfare . . . and [is] suitable to the demands and needs of the people of this state." 1969, No. 250 (Adj. Sess.), § 1, eff. April 4, 1970.  This statement does not purport to rationalize granting all parties the right to appeal in Act 250 proceedings, but rather serves to underscore the interests protected by the provisions of Act 250, and the need for the permitting and appeals process to effectuate the goals of this legislation.  It also underscores the need for the general public to actively protect these interests.  Accordingly, the statutes allow any party to request a JO.  But the right to appeal a JO is expressly limited by Chapter 220 to those whose interests are specifically protected by Act 250, and further limited to the right to appeal a JO that has detrimentally affected those protected interests.

Another point of discussion flows from the above considerations; that is, parties must *allege an injury* to the particularized interests protected under §8503.  Appellant Ranger argues that the injury it sustained was "that it did not prevail before the district coordinator."  This allegation is insufficient to grant standing to appeal, for two reasons: first, it is not an injury to an interest protected by Act 250; second, it is not alleging an actual injury.  To merely allege an adverse opinion, without showing an actual injury caused by the opinion, is contrary to the legal requirement of "case or controversy."[8]  The injury alleged cannot be a "generalized grievance." Hinesburg Sand & Gravel Co., Inc. v. State, 166 Vt. 337, 341 (1997).  Rather, appellant must allege injury in fact.  Id.  The requirement that the appellant allege an injury, as is stated in the definition of "person aggrieved," should not be read in such as way as to contravene the long-standing requirements of standing.[9]

---

[7]  Vermont courts have recognized the purpose of Act 250: "to regulate the impacts of development." In re Vermont RSA Ltd. Partnership, 2007 VT 22, ¶ 9 (citing In re Audet, 2004 VT 30, 176 Vt. 617 (mem.)).  A list of specific criterion that must be satisfied before a permit is issued is provided in 10 V.S.A. § 6086; these are commonly known as the Act 250 criteria.  See supra note 4.

[8]  Agency of Natural Resources v. United States Fire Ins. Co., 173 Vt. 302, 306 (2001) ("Vermont has adopted this requirement and with it the requirement that for plaintiffs to have standing to bring a case, they must have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law.")

[9]  Considered to be a fundamental element of standing, "'Injury in fact' is defined as 'the invasion of a legally protected interest.'  Determining whether plaintiff has suffered an invasion of a legally protected interest requires

Our analysis thus far leads to a short discussion of the third and forth requirements for standing contained in 10 V.S.A. § 8502(7): that the JO being appealed must have impacted upon the specific protected interest of this litigant, and that either this Court or our Supreme Court can redress the impact upon the protected interest. Since Ranger has not identified an interest protected by Chapter 151 of Title 10 (i.e.: Act 250), the JO challenged here cannot be said to have injured a "particularized interest", thus providing this Court or the Supreme Court with an injury it may redress. Thus, Ranger has not satisfied the requirements of 10 V.S.A. §§ 8502(7), 8503(b)(2) and 8504 (a) that would entitle it to have standing to appeal the District Coordinator's JO in this case.

In sum, this Court now reads Title 10, Chapter 220 to state that parties have the right to appeal a JO issued by a district coordinator, if the party specifically alleges (1) an injury; (2) to a particularized interest protected by Act 250; (3) that the JO somehow injures or impacts; (4) provided that such injury can be redressed by this Court or our Supreme Court. The particularized interest protected here is not the right to request or appeal a JO, but rather the interests considered in the provisions of Act 250 itself. In the case at hand, Ranger has made no showing of injury attributed to the adverse JO that adversely affected an interest protected under the provisions of Act 250. Absent a showing of such injury, Ranger cannot have standing to appeal the JO in this matter.

### Conclusion

For the reasons stated above, this Court, on a <u>sua</u> <u>sponte</u> basis, believes it appropriate to revisit its May 30, 2007 Decision and hereby grants Marcelino's Motion to Dismiss. All subsequent motions are now moot, as this appeal is dismissed. A Judgment Order accompanies this Decision, thereby concluding the proceedings now before this Court.

Done at Berlin, Vermont this 6th day of November, 2007.

_____
Thomas S. Durkin, Environmental Judge

---

inquiry into the substance of plaintiff's claim." See <u>Hinesburg</u>, 166 Vt. at 341 (internal citations omitted). In this matter, Ranger has not put forth any substantive claims of injury to an interest protected by Act 250.