Shatney v. LaPorte

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand sixteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                       *Circuit Judges.*

_____

RAY SHATNEY, Individually and jointly as owner of other,
DBA GREENFIELD HIGHLAND BEEF, LLC, DBA SHAT
ACRES HIGHLAND CATTLE, LLC, DBA SHATNEY TREE
SERVICE, LLC, GREENFIELD HIGHLAND BEEF, LLC,
SHAT ACRES HIGHLAND CATTLE, LLC, JANET STEWARD,
Individually and jointly as owner of other, DBA GREENFIELD
HIGHLAND BEEF, LLC, DBA SHAT ACRES HIGHLAND
CATTLE, LLC, DBA SHATNEY TREE SERVICE, LLC, SHATNEY
TREE SERVICE, LLC,

                       *Plaintiffs-Appellants*,

                       v.                                    15-600

JOSEPH LAPORTE, In His Official Capacity as Chief of Police of the Hardwick Police Department, TANNER ATWOOD, In his Individual Capacity as an Officer of the Hardwick Police Department, WILLIAM FIELD, In his Individual capacity as an Officer of the Hardwick Police Department, TOWN OF HARDWICK,

                       *Defendant - Appellees*,

MIKE GLODGETT, Officer of the Hardwick Police Department, JAMES DZIOBEK, Officer of the Hardwick Police Department, MICHAEL GERO, Officer of the Hardwick Police Department, CAROL PLANTE, Executive Director of the Hardwick-Greensboro Restorative Justice, in her Individual capacity, TOWN OF GREENSORO, PEGGY LIPSCOMB, ANNE STEVENS, Member of the Greensboro Selectboard, PETER GEBBIE, Member of the Greensboro Selectboard, JEFFERSON TOLMAN, Member of the Greensboro Selectboard, MARSHA GADOURY, Member of the Greensboro Selectboard, KEVIN BLANCHARD, Officer of the Hardwick Police Department,

*Defendants.*[1]

_____

Appearing for Appellants:    Timothy B. Yarrow, III, Hyde Park, VT.

Appearing for Appellees:    James F. Carroll, English, Carroll & Boe, PC, Middlebury, VT, *on the brief*, *for Defendant-Appellee Joseph LaPorte.*

                    Kevin J. Coyle (Nancy Goss Sheahan, *on the brief*), McNeil, Leddy & Sheahan, PC, Burlington, VT, *for Defendants-Appellees Tanner Atwood, William Field, and Town of Hardwick.*

Appeal from the United States District Court for the District of Vermont (Crawford, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ray Shatney and Janet Steward appeal from the January 28, 2015 judgment of the United States District Court for the District of Vermont (Crawford, *J.*), granting defendants' motion for summary judgment and denying plaintiffs' motion for leave to amend their complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo." *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015). In reviewing the district court's grant of summary judgment, we "constru[e] all evidence in the light most favorable to the non-moving party, and affirm[] only where 'there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) (citation omitted) (quoting Fed. R. Civ. P. 56(a)).

We review a district court's refusal to grant leave to amend a complaint "for abuse of discretion[,] which ordinarily we will not identify absent an error of law, a clearly erroneous assessment of the facts, or a decision outside the available range of permitted choices." *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 159 (2d Cir. 2015) (quoting *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015)).

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

2

We turn first to the dismissal of plaintiffs' state-law malicious prosecution claim. Under Vermont law, "[t]o recover for malicious prosecution, a claimant must show that the opposing party had instituted a proceeding against him without probable cause, with malice, and that the proceeding had terminated in the claimant's favor." *Chittenden Tr. Co. v. Marshall*, 507 A.2d 965, 969 (Vt. 1986). Probable cause exists "when the facts and circumstances known to an officer are sufficient to lead a reasonable person to believe that a crime was committed and that the suspect committed it." *State v. Arrington*, 8 A.3d 483, 487 (Vt. 2010) (internal quotation marks omitted). Here, the district court did not err in granting summary judgment to defendants because, under the undisputed facts, the police had probable cause to cite Shatney for aggravated assault.

Nor did the district court err in dismissing plaintiffs' state-law negligence claim. Under Vermont law, "[t]o prove negligence, plaintiff must show that defendant owed her a legal duty, that a breach of that duty was a proximate cause of harm, and that she suffered actual damages." *Kane v. Lamothe*, 936 A.2d 1303, 1307 (Vt. 2007). Here, for the reasons explained by the district court in its thorough opinion, plaintiffs did not "establish that defendants owed them a legal duty to protect them from criminal acts of third parties or to investigate their complaints in a particular manner." *Shatney v. LaPorte*, No. 5:12-CV-00023, 2014 WL 7240522, at *3 (D. Vt. Dec. 18, 2014). Accordingly, their state-law negligence claim was properly dismissed.

The district court also did not err in dismissing plaintiffs' class-of-one equal protection claim. Although the Equal Protection Clause "has traditionally been applied to governmental classifications that treat certain *groups* of citizens differently than others," *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 291 (2d Cir. 2013), a plaintiff who is in a "class of one" may bring an equal-protection claim "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "[T]o succeed on a 'class of one' claim, the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008). The plaintiff must establish that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Id.* at 105. Applying this standard, the district court properly granted summary judgment to defendants because plaintiffs failed to put forward evidence of other individuals who were in virtually the same situation as they were and yet were treated differently by defendants, and because no reasonable juror could infer from the evidence that any differential treatment of the plaintiffs relative to other individuals was irrational or based on an illegitimate government policy.

3

Finally, the district court did not abuse its discretion in denying plaintiffs' leave to amend their complaint. "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The district court found that defendants would be prejudiced by an amendment because plaintiffs' new retaliation claim would require additional discovery. Amendment would have also prejudiced defendants because they had already incurred fees and expenses in filing a motion for summary judgment against what they reasonably believed were all of the claims plaintiffs intended to assert. In view of these considerations, the district court did not abuse its discretion in denying plaintiffs' motion for leave to amend their complaint.

\* \* \*

We have considered the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4